**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SUSANA ELIZABETH CARRENO-
HERNANDEZ, a/k/a "La Loba,"

    Defendant - Appellant.

No. 24-1054
(D.C. No. 1:23-CR-00106-CNS-5)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **EBEL**, and **FEDERICO**, Circuit Judges.
_____

Pursuant to a plea agreement, Susan Elizabeth Carreno-Hernandez pleaded to a

drug offense and was sentenced to 103 months in prison. Ms. Carreno-Hernandez

has filed an appeal despite the fact that her plea agreement contains a waiver of the

right to appeal.

The government has moved to enforce the appeal waiver. *See United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In evaluating

such a motion, we consider: "(1) whether the disputed appeal falls within the scope of the

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  In response, Ms. Carreno-Hernandez, through counsel, has not disputed any of these factors.  She concedes that the appeal waiver "applies and that no exception set forth in [*Hahn*] negates the enforcement of that waiver."  Resp. at 1.

Our independent review confirms the enforceability of the appeal waiver. Ms. Carreno-Hernandez has identified no issues she wishes to raise on appeal that fall outside the scope of the appeal waiver.  The plea agreement clearly sets forth the appeal waiver and states that Ms. Carreno-Hernandez agreed to it knowingly and voluntarily, and the district court confirmed her understanding of the plea agreement during the change-of-plea hearing.  Moreover, we see no evidence contradicting Ms. Carreno-Hernandez's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam